# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**CONSOL OF KENTUCKY, INC.,**
**Employer Below, Petitioner**

**FILED**

November 15, 2019
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 18-1016** (BOR Appeal No. 2053440)
(Claim No. 2015007285)

**RODNEY KELLY,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Consol of Kentucky, Inc., by Counsel James W. Heslep, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review").[1]

The issue on appeal is permanent total disability. The claims administrator granted Mr. Kelly a permanent total disability award on June 20, 2018. The employer protested, and the Office of Judges refused to acknowledge the protest on July 25, 2018. The employer filed a second protest which was treated as a Motion for Reconsideration by the Office of Judges. The Office of Judges denied the motion in its September 19, 2018, Order. The Order was affirmed by the Board of Review on October 11, 2018.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On April 7, 2015, the Occupational Pneumoconiosis Board found that Mr. Kelly, a coal miner for thirty-seven years, had 50% impairment due to occupational pneumoconiosis. The claims administrator granted a 50% permanent partial disability award for occupational pneumoconiosis on May 26, 2015. On June 11, 2018, the Permanent Total Disability Review Board convened to consider whether Mr. Kelly qualified for a permanent total disability award. It found that he had 50% impairment due to occupational pneumoconiosis, 20% impairment for the

---

[1] A response was not filed on behalf of Mr. Kelly.

1

thoracic spine, and 2.2% impairment for hearing loss. The Permanent Total Disability Review Board concluded that Mr. Kelly is unable to work, has no vocational rehabilitation potential, and is permanently and totally disabled.

The claims administrator granted a permanent total disability award on June 20, 2018. The employer filed a protest to the decision, which the Office of Judges refused to acknowledge. The employer then filed a second protest, which the Office of Judges determined should be treated as a Motion for Reconsideration. The Office of Judges noted that West Virginia Code § 23-5-1 (2018) provides that an employer may only protest:

1. decisions based upon findings made by the Occupational Pneumoconiosis Board,
2. decisions made by the Insurance Commissioner acting as administrator of the Old Fund or other funds created under West Virginia Code § 23-2C (2018), and
3. decisions based upon an evaluation by the claimant's authorized treating physician finding a residual impairment of 15% or less pursuant to West Virginia Code § 23-4-7a(c)(1) (2018).

The employer argued before the Office of Judges that the permanent total disability award at issue falls within the statutory limits. It asserted that West Virginia Code § 23-5-1(b)(1) (2018) states that employers may protest decisions that incorporate the findings of the Occupational Pneumoconiosis Board. In the case at issue, the Permanent Total Disability Review Board found that the Occupational Pneumoconiosis Board deemed Mr. Kelly to have 50% impairment. The employer asserted that this was the largest amount of impairment considered by the Permanent Total Disability Review Board and the Occupational Pneumoconiosis Board's findings were incorporated into the Permanent Total Disability Review Board's findings.

The Office of Judges found that the employer's argument was without merit. The 50% permanent partial disability award granted to Mr. Kelly for occupational pneumoconiosis was litigated before the Office of Judges. The award was affirmed, and no appeal was filed. Thus, the decision became final, and the findings of the Occupational Pneumoconiosis Board are no longer subject to litigation. Further, the Office of Judges noted that this Court has previously addressed an employer's right to protest a permanent total disability award. This Court determined in several memorandum decisions that the granting of a permanent total disability award is not a decision an employer may appeal. *See Performance Coal Company v. Hoge*, No. 13-0369, 2014 WL 2922777 (June 27, 2014) (memorandum decision); *Lowe's Home Centers, Inc. v. Gwinn,* No. 13-1291, 2015 WL 9693896 (Nov. 9, 2015) (memorandum decision); *AAA Mobile Homes, Inc. v. Fluharty,* No. 16-0523 (May 5, 2017) (memorandum decision). The employer's motion for reconsideration was denied by the Office of Judges on June 20, 2018.

The Board of Review affirmed the Office of Judges' Order and denied the employer's Motion for Limited Stay on October 11, 2018. The Board of Review determined that the employer has no standing to protest and this Court has previously addressed this issue in *Performance Coal Company v. Hoge.* In that decision, the employer attempted to protest the claims administrator's grant of a permanent total disability award. The Office of Judges and Board of Review both found that the employer had no standing to protest. This Court agreed. In the case at bar, the employer

filed a Motion for Limited Stay before the Board of Review arguing that this case is distinguishable from our prior decisions. The employer asserted that in prior cases, the self-insured employers and insurers empaneled their own reviewing bodies. In the case at issue, the employer used a review board empaneled by the Offices of the Insurance Commissioner. The Board of Review determined that in *Lowe's Home Centers, Inc., v. Gwinn*, the employer also used a review board empaneled by the Office of the Insurance Commissioner. The case at bar is therefore not distinguishable, and the Motion for Limited Stay was denied.

After review, we agree with the reasoning and conclusions of the Office of Judges and Board of Review. This issue has already been addressed by this Court. West Virginia Code § 23-5-1 very clearly provides the circumstances under which an employer may protest a decision of the claims administrator. This Court has consistently held that the grant of a permanent total disability award is not such a circumstance.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: November 15, 2019**


**CONCURRED IN BY:**
Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison

3